IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00020-PAB-BNB

TYSON L. GIESBRECHT, and
TAMI J. GIESBRECHT,

Plaintiffs,

v.

WELLS FARGO BANK N.A., a national banking association, as alleged successor in interest to
Mortgage Solutions of Colorado, LLC, and
WELLS FARGO HOME MORGAGE,

Defendants.

_____

**ORDER**
_____

This matter is before me on the plaintiffs' Verified Complaint [Doc. #1, filed 1/4/2013]

(the "Complaint").  The Complaint is STRICKEN, and the plaintiffs are directed to submit an

amended complaint that complies with this order.

The Federal Rules of Civil Procedure require that a complaint contain "(1) a short and

plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of

the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought . . . ."  Fed. R. Civ. P. 8(a).  "[T]he only permissible pleading is a short and plain

statement of the claim showing that the pleader is entitled to relief on any legally sustainable

grounds."  Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952).  "[T]o state a claim in federal

court, a complaint must explain what each defendant did to him or her; when the defendant did

it; how the defendant's action harmed him or her, and what specific legal right the plaintiff

believes the defendant violated."  Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158,

1163 (10th Cir. 2007).  The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiffs are proceeding *pro se*.  Although I must liberally construe the pleadings of *pro se* plaintiffs, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as their advocate, and the plaintiffs must comply with the fundamental requirements of the Federal Rules of Civil Procedure and the local rules of this court.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiffs' Complaint suffers from many deficiencies.  The Complaint is not submitted on the court's standard complaint form.  "A *pro se* party shall use the forms established by this court to file an action."  D.C.COLO.LCivR 8.1A.  In addition, although the Complaint is brought by both plaintiffs, it is signed only by Tyson Giesbrecht.  "Every pleading, written motion, and other paper must be signed" by both plaintiffs.  Fed.R.Civ.P. 11(a).[1]

---

[1]By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper
> purpose, such as to harass, cause unnecessary delay,
> or needlessly increase the cost of litigation;

The Complaint is 56 pages long.  The first 47 pages are essentially a diatribe against the mortgage industry.  There are no specific factual allegations regarding Wells Fargo Bank N.A. or Wells Fargo Home Mortgage.  There are only vague and conclusory allegations of wrongdoing by "defendant."[2]  Attached to the Complaint are 266 pages of exhibits, most of which are articles, essays, and the like relating to the mortgage industry and its lending practices.

The Complaint asserts two claims, both brought under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO").  The claims do not contain any specific factual allegations against Wells Fargo Bank N.A. or Wells Fargo Home Mortgage.  For example, Claim One states:

> During the years 2001 through 2009, Defendant and non-party malfeasants were a consortium of companies associated in fact for the common purpose of carrying out the fraudulent schemes described in this Complaint; namely, making enormous short-term profits, gains, dividends, income, salaries, bonuses, commissions, yield-spread premiums, and fees through brokering, originating, bundling as securities, selling into the secondary market, servicing,

---

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b).

[2]The plaintiffs frequently refer to "defendant" without identifying which defendant.

and foreclosing on "liars loans" made with no income verification, no or little documentation, no underwriting, false and inflated appraisals overstating the property value, and false and understated loan-to-fair-market-value ratio.

*Complaint*, ¶ 124.

RICO allows private litigants to bring civil suits for treble damages for certain actions by defendants that are criminal in nature, as defined by RICO. 18 U.S.C. § 1964(c). To state a claim under RICO,

a plaintiff must allege that the defendant violated the substantive RICO statute, 18 U.S.C. § 1962, by setting forth "four elements: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" Robbins v. Wilkie, 300 F.3d 1208, 1210 (10th Cir. 2002) (quoting Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 4596, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). A pattern of racketeering activity must include commission of at least two predicate acts. Resolution Trust Corp. v. Stone, 998 F.2d 1534, 1543 (10th Cir. 1993). Also, a plaintiff has standing to bring a RICO claim only if he was injured in his business or property by reason of the defendant's violation of § 1962. Robbins, 300 F.3d at 1210.

Deck v. Engineered Laminates, 349 F.3d 1253, 1257 (10th Cir. 2003).

RICO claims must be pled with factual specificity, not with conclusory allegations. "[T]he complaint should inform each defendant of the specific fraudulent acts that constitute the basis of the action against the particular defendant." Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 778 (7th Cir. 1994) (citation omitted). In addition, a RICO complaint must set forth the time, place, and content of the alleged mail and wire communication perpetrating the fraud. Tal v. Hogan, 453 F.3d 1244, 1263 (10th Cir. 2006); Fed.R.Civ.P. 9.

The plaintiffs do not allege any specific facts regarding the actions or inactions of each defendant and how those actions or inactions violate the law. The Complaint fails to provide

4

notice of the plaintiffs' causes of action as required by the Federal Rules of Civil Procedure.

Accordingly, the Complaint is stricken, and the plaintiffs shall submit an amended complaint

which complies with the Federal Rules of Civil Procedure, the local rules of this court, and this

order.

The amended complaint must be submitted on the court's form and shall be titled

"Amended Complaint."  The background statement shall briefly summarize the plaintiff's case

and shall not exceed one double-spaced typewritten page.  Each claim shall be numbered and

shall be stated separately.  Each claim shall state the legal basis for the claim; identify which

defendant(s) the claim is brought against; and allege facts sufficient to state a claim for relief as

to each of those defendants.  Each claim shall not exceed two typewritten pages, double-spaced,

as to each defendant against whom the claim is brought.  The Complaint shall not contain

conclusory allegations or argument.  The plaintiffs may attach to the Complaint only those

exhibits that pertain directly to their claims.

IT IS ORDERED:

1.   The Complaint [Doc. # 1] is STRICKEN for failure to comply with Fed. R. Civ. P. 8;

Fed. R. Civ. P. 9; D.C.COLO.LCivR 8.1A; and Fed. R. Civ. P. 11;

2.   On or before **January 28, 2013**, the plaintiffs shall submit an amended complaint that

complies with Fed. R. Civ. P. 8; Fed. R. Civ. P. 9; D.C.COLO.LCivR 8.1A; Fed. R. Civ. P. 11;

and this order;

3.   The plaintiffs' failure to comply with this order may result in a recommendation that

the case be dismissed; and

    4.   The Clerk of the Court shall enclose with this order a copy of the court's complaint form.

    Dated January 11, 2013.

                          BY THE COURT:

                           s/ Boyd N. Boland
                          United States Magistrate Judge